UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HELEN RODRIGUEZ, individually and on behalf of others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | MAGISTRATE: |
| EMERALD TOTAL CARE, LLC | * | JUDGE: |

*************************************************************************

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Helen Rodriguez, individually and on behalf of all other similarly situated current and former healthcare employees of Defendant, Emerald Total Care, LLC, brings this Collective Action and alleges as follows:

### I. OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §216(b) of the FLSA. Plaintiff brings these claims as a collective action on behalf of herself and all current or former healthcare workers employed by Defendant during the last three (3) years who were not paid overtime for all hours worked in excess of forty (40) hours in a workweek, as required by §207(a) of the FLSA (hereinafter referred to as "Collective Members").

### II. PARTIES

2. Plaintiff, Helen Rodriguez, is a major, individual, domiciled in Houston, Texas who has been employed by Defendant as a healthcare worker from approximately September 2020 through the present.

3. Plaintiff has consented to filing the instant action. (Plaintiff's Opt-In Consent form is attached as Exhibit "A").

4. Defendant Emerald Total Care, LLC (hereinafter "Emerald") is a Texas limited liability company with its principal place of business located at 1010 Southwest Freeway, Suite 400, Houston, Texas, 77074 which may be served through its registered agent, Ronke Odigie, at the same address.

### III.   JURISDICTION AND VENUE

5. This case presents a federal question under 29 U.S.C. §216(b), giving this Court original subject matter jurisdiction under 28 U.S.C. §1331.

6. Venue is proper in this District as Defendant is domiciled and conducts business in the Southern District of Texas, Houston Division, and substantial part of the events giving rise to the claims asserted herein occurred within this District.

### IV.   COVERAGE UNDER THE FLSA

7. At all relevant times, Defendant is and has been an employer within the meaning of 29 U.S.C. §203(d).

8. At all relevant times, Defendant is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

9. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

10. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all relevant times, Plaintiff, and all those similarly situated, are and were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

12. Emerald, Plaintiff and the Collective Members used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped from states other than Texas and Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

## V.   FACTS

13. Plaintiff and the Collective Members were employed by Defendant as healthcare workers who provided companionship services for the elderly, ill or disabled at various locations, including the patients' homes or third-party locations such as nursing homes.

14. Plaintiff and Collective Members were paid on an hourly basis and are not exempt from the overtime requirements of the FLSA.

15. Plaintiff and the Collective Members did not perform any job duties or functions that qualified for an exemption from the overtime requirements of the FLSA.

16. Plaintiff's hours varied from week to week during her employment with Defendant, but she and the Collective Members regularly worked more than forty (40) hours in a workweek.

17. For example, for the workweeks of March 29, 2021 and April 5, 2021, Plaintiff worked sixty-nine (69) hours each week and was paid straight time only for all hours worked. Plaintiff was not paid an overtime premium for any hours over forty (40) in either week.

18. The Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

19. Defendant paid Plaintiff and the Collective Members straight time for all hours worked and failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

20. Plaintiff and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty (40) hours in a workweek.

21. Plaintiff is aware of other current and former employees of Defendant who are and were subject to the same payroll practice.

22. Defendant has violated, and is violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §207 and §215(a)(2), by not paying its healthcare workers, like Plaintiff and the Collective Members, overtime.

23. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) by failing to pay in the past three (3) years.

## VI.   COLLECTIVE ACTION ALLEGATIONS

24. The Collective for which certification for purposes of notice is sought pursuant to 29 U.S.C. §216(b) is defined as:

> All current and former healthcare workers employed by Emerald Total Care, LLC who were not paid overtime wages for all hours worked over forty in a workweek within the last three (3) years.

25. Defendant's practice and policy of not paying overtime affects Plaintiff and the Collective Members similarly and is a willful violation of the FLSA.

26. The Collective Members are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

27. Defendant's failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic company policy and practice and is not dependent on the

personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated.

28. Plaintiff and the Collective Members all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

29. The specific job titles or precise job requirements of the Collective Members does not prevent proceeding collectively. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

30. Whether Emerald violated the FLSA by failing to pay Plaintiff and the Collective Members overtime is a threshold legal issue which can be determined using representative testimony in a collective action.

31. Plaintiff and the Collective Members are entitled to recover their unpaid overtime compensation, liquidated damages, attorney fees, costs and interest.

**RELIEF SOUGHT**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment in her favor and against Defendant as follows:

1. For an Order authorizing preliminary discovery on the issue of whether Plaintiff and the Collective Members are similarly situated under the FLSA;

2. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity possible to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

3.  For Judgement in favor of Plaintiff and the Collective Members and against Defendant for unpaid overtime wages and liquidated damages equal in amount to the unpaid overtime compensation;

4.  For an award of costs of this action as provided under the FLSA;

5.  For an award of attorneys' fees as provided under the FLSA;

6.  For an award of pre- and post-judgment interest; and

7.  For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiff requests trial by jury on all issue raised herein.

Respectfully Submitted:

By: /s/ Philip Bohrer
Philip Bohrer (Texas Bar # 00792194)
phil@bohrerbrady.com
Scott E. Brady (LA Bar # 24976)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000